FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 17 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUENTIN KELLY
Plaintiff,

v.      *     CIVIL ACTION NO. RDB-17-1545

JORDAN TICHNELL, *Case Management Specialist*
STATE OF MARYLAND
Defendants.

\*\*\*\*\*

## **MEMORANDUM OPINION**

On June 5, 2017, the Court received for filing the above-captioned "Emergency Lawsuit" filed by Anthony Kelly, an inmate housed at the North Branch Correctional Institution ("NBCI"). Kelly filed the Complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, seeking declaratory and injunctive relief, along with damages. He claims that on April 10 and April 30, 2017, he sent copy work request forms to NBCI Case Management Specialist Jordan Tichnell and Tichnell refused to make the copies. He contends that Defendants have violated his constitutional right of access to the courts and he has "suffered prejudice" from Defendants' actions. ECF No. 1.

The Court held Kelly's Motion for Leave to Proceed In Forma Pauperis in abeyance and directed him to file an Amended Complaint to show how he experienced real injury from Tichnell's alleged failure to twice provide him copy work (ten pages of each of his filings) in April of 2017, so as to state a colorable access-to-court claim. ECF No. 3. Rather than filing an Amended Complaint, Kelly, filed a Motion to Alter/Amend Judgment and another Motion for

Leave to Proceed In Forma Pauperis. ECF Nos. 4 & 5.

In his Motion to Alter/Amend Judgment, Kelly claimed that his case is not about Tichnell's denying him access to the courts, but is rather about Tichnell retaliating against him by not providing him requested copy work in April of 2017 due to his filing lawsuits against Tichnell's co-workers. He maintained that the Court's decision "applied an erroneous legal standard" and conflicts with Fifth Circuit case law that addressed the issue. Kelly additionally argues that his claims raise "an arguable question of law" and "disputed factual of law" that the Court has clearly "overlooked" or "misapprehended." ECF No. 4. Kelly further discusses the application of the ADA to State prisoners, the ability to file suit under 42 U.S.C. § 1983 against those acting "under color of stare law," and the inability of the district courts to dismiss a complaint under Rule 12(b)(6) for failure to state a claim prior to effectuating service of process. *Id.* Finally, he claims that a litigant can seek compensatory damages without physical injury. *Id.*

On August 7, 2017, Kelly's Motion to Alter/Amend Judgment was denied. ECF No. 6. The Court observed that Kelly's original complaint made no reference to retaliation and purely concerned his claim that he was "subject denied access to the court when defendant Tichnell acted with 'evil motive or callous[ness]' to Kelly's constitutional right [of] access to the courts." The Court granted Kelly an additional period of time to file an Amended Complaint and continued to hold his indigency motion in abeyance. *Id.*

Subsequently, Kelly filed an Amended Complaint. ECF No. 7. He reiterated his claim that on April 10 and April 30, 2017, he made a request for Defendant Tichnell to make copies of several legal documents and Tichnell failed to do so. He adds another allegation that on June

2

15, 2017, he again gave Tichnell several legal documents to make five copies. He claims that when the copy work was returned to him on June 28, 2017, two legal documents were missing, other documents had "2 and 3 pages missing," and Tichnell only sent him one copy of the remaining pages. Kelly claims that "from this point" he has no one to make copies for him. He asserts that Tichnell's acts are in retaliation for Kelly's pending lawsuit against NBCI. ECF No. 7. Kelly goes on to discuss the application of the Americans With Disabilities Act (ADA) to State inmates and the legal standards in the Fifth Circuit for alleging a claim of retaliation. He maintains that under federal case law, a litigant can "get compensatory damages even if you have 'NO PHYSICAL INJURY.'" *Id.*, pp. 3-4.

Kelly's Motions for Leave to Proceed In Forma Pauperis shall be granted in this one instance.

The Court observes that Kelly has filed approximately forty civil rights cases in the past twelve years, twelve of which were dismissed under 28 U.S.C. § 1915(e).

In *Kelly v. McCarthy*, Civil Action No. AW-07-1068 (D. Md.), *Kelly v. Maryland Dep't. of Health & Mental Hygiene, et al.*, Civil Action No. AW-07-1196 (D. Md.), *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-2601 (D. Md.), *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-2757 (D. Md.), *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-2995 (D. Md.), *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-3017 (D. Md.), *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-3061 (D. Md.), *Kelly v. State of Maryland*, Civil Action No. AW-07-3065 (D. Md.), and *Kelly v. State of Maryland, et al.*, Civil Action No. AW-07-3254 (D. Md.), the Complaints were summarily dismissed pursuant to 28 U.S.C. § 1915(e). The dismissals did not, however, count as strikes due to Kelly's status as an

3

individual involuntarily committed to a state hospital following a finding of incompetency. *Id.*

Kelly was convicted in the Circuit Court for Montgomery County in 2008.[1] In *Kelly v. State of Maryland, et al.*, Civil Action No. AW-10-610 (D. Md.), Kelly's Complaint was summarily dismissed pursuant to 28 U.S.C. § 1915(e). He was notified that the dismissal counted as the first § 1915(e) dismissal. ECF Nos. 6 & 7. Kelly's appeal was dismissed by the United States Court of Appeals for the Fourth Circuit, pursuant to Local Rule 45. *Id.*, ECF No. 13. In *Kelly v. Simpson et al.*, Civil Action No. RDB-16-4067 (D. Md.), Kelly's case was summarily dismissed pursuant to § 1915(e). Kelly was mistakenly notified that this was his "first" rather than second strike under § 1915(e). *Id.*, ECF Nos. 4 & 5. The United States Court of Appeals for the Fourth Circuit affirmed that judgment on July 10, 2017. *Id.*, ECF No. 12. In *Kelly v. Simpson*, Civil Action No. RDB-17-2872 (D. Md.), Kelly's case was once again summarily dismissed. He was erroneously informed that this dismissal constituted his "second" rather than third strike under § 1915(e). *Id.*, ECF Nos. 3 & 4. His Motion for Reconsideration was denied. *Id.*, ECF No. 7. No appeal was filed.

Given the preceding information, Kelly has plainly amassed three "strikes" under 28 U.S.C. § 1915(e). However, due to the possible confusion incurred with the Court's communication to Kelly, the bar to be imposed under 28 U.S.C. § 1915(g)[2] shall not be

---

[1] See *Kelly v. Bishop, et al.*, Civil Action No. RDB-17-2065 (D. Md.), *Kelly v. Bishop, et al.*, Civil Action No. RDB-17-2066 (D. Md.), and *Kelly v. Bishop, et al.*, Civil Action No. RDB-17-2330 (D. Md.).

[2] 28 U.S.C. § 1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

4

enforced at this time.³ Kelly is hereby notified that he is now barred from filing future suits *in forma pauperis*.

Turning to Kelly's current claims, his Complaint shall be dismissed without prejudice. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. Simply put, in order to state a claim for denial of access to the courts, a prisoner must provide some basis for his allegation that he has been deprived of meaningful access to the courts. *White*

---

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.

³ The Court notes that Kelly has filed a civil rights case in January and April of 2018. Both cases seek leave to proceed in forma pauperis. *See Kelly v. State of Maryland, et al.*, Civil Action No. RDB-18-694 (D. Md.) and *Kelly v. Bishop, et al.*, Civil Action No. RDB-18-1013 (D. Md.). Those cases shall not be subject to the § 1915(g) bar.

5

v. *White*, 886 F.2d 721, 723 (4th Cir. 1989).

In addition, a plaintiff must show actual injury resulting from the alleged denial of access. *Lewis*, 518 U.S. at 349. The plaintiff must identify with specificity the actual injury resulting from the defendants' conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316–17 (4th Cir. 1996). The "'actual injury' that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistant program have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim." *Lewis*, 518 U.S. at 343; *see also Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Although afforded the opportunity to amend his Complaint to allege real injury from Tichnell's alleged acts or inactions, Kelly has disregarded the Court's directives. He has not shown how Tichnell's failure to provide him copy work in April 2017, or proving him less copy work than requested, with two missing pages, in January of 2017 impeded him from pursuing his cases.[4] Kelly has failed to set out a colorable access-to-courts claim.

With regard to Kelly's amended retaliation claim, in order to sustain a claim based on retaliation, a plaintiff "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (emphasis supplied). To the extent that Kelly's conclusory

---

[4] Indeed, review of the Court docket in this case and others shows that Kelly continued to file Complaints, Motions, correspondence, and Oppositions during the time period of April to June 2017. *See Kelly v. Lease, et al.*, Civil Action No. RDB-16-3294 (D. Md.); *Kelly v. McCarthy, et al.*, Civil Action No. RDB-17-1611 (D. Md.).

claim can be construed as alleging that Tichnell's retaliatory acts were made in an effort to chill or deny him access to the courts, his claim still fails as he has not shown the requisite adversity that "is essential to any retaliation claim." *ACLU of Maryland,* 999 F.2d 780, 785 (4th Cir. 1993); *Scott v. Kelly,* 107 Scup 2d 706, 709 (E.D. Va. 2000). Kelly has failed to show how the alleged retaliatory conduct adversely impacted his access to courts.

    A separate Order follows dismissing the cause of action without prejudice.

Date: May 17, 2018

                                                                       RICHARD D. BENNETT
                                                                  UNITED STATES DISTRICT JUDGE